**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHRISTOPHER AHRENDT,                               CIVIL ACTION NO.: 22-02492-GC-JBD

and

JOSHUA MELENDEZ BERRIOS,
*individually and on behalf of all others
similarly situated*,

      Plaintiffs,

vs.

WIPRO, LLC and WIPRO LIMITED,

      Defendants.

**FINAL ORDER AND JUDGMENT**

      The Court, having considered the parties' Class and Collective Settlement Agreement ("Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

      1.    Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Agreement.

      2.    The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Class Members, and Wipro LLC and Wipro Limited ("Wipro").

      3.    The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Parties, the Claimants, and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

1

4. The Court finds that there were zero (0) written objections to the Settlement.

5. The Court finds that the procedures for notifying the Class Employees about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Employees, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

6. The Court finds, for settlement purposes only, that the Puerto Rico Wage Law Class and FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

7. The Court hereby confirms its prior appointment of Jason T. Brown, Nicholas Conlon, and Edmund C. Celiesius of Brown, LLC as Class and Collective Counsel (hereinafter referred to as "Class Counsel") because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

8. The Court hereby confirms its prior appointment of ILYM Group, Inc. as the Administrator of the settlement.

9. The Litigation is dismissed on the merits and with prejudice, and the Plaintiffs and all other Claimants and Class Members are permanently barred from filing, commencing, prosecuting, or pursuing the claims Released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

10. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows: Class Counsel are hereby awarded $583,333.33 for attorneys' fees and $20,117.75 for reimbursement of litigation costs and expenses, which the Court finds

were reasonably incurred in prosecution of this case. Such amounts shall be paid from the Maximum Settlement Fund.

9. The Service Payment for the Plaintiffs, as set forth in Section III.C of the Agreement, are approved to compensate them for their unique services in maintaining this litigation. Each Named Plaintiff is hereby awarded a Service Payment of $10,000, to be paid from the Maximum Settlement Fund.

10. Class Counsel's request for $36,500.00 in Settlement Administration Costs is approved as follows: ILYM Group, LLC is awarded $36,500.00 in in Settlement Administration Costs, to be paid from the Maximum Settlement Fund.

11. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or the Released Parties of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Class Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in this Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or the Released Parties.

12. The action is dismissed on the merits and with prejudice, and Plaintiffs, Class Members and Claimants, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendants

in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Agreement and this Final Approval Order.

14. The Parties are ordered to carry out the Settlement as provided in the Agreement.

15. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 5/29/24

*[signature]*
United States District Judge
District of New Jersey

4